UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIANNA EARL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:13-cv-01847-LJM-MJD |
| | ) |
| XEROX BUSINESS SERVICES, | ) |
| JAYNE RYALL, | ) |
| TEOLA HORNADAY, | ) |
| CFA STAFFING, | ) |
| TERI WITTMAN, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO COMPEL**

This matter comes before the Court on Xerox Business Services, Jayne Ryall, Teola Hornaday, CFA Staffing, and Teri Whittman's ("Defendants") Motion to Compel. [Dkt. 47.] For the following reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

**I. Background**

Brianna Earl ("Plaintiff") filed this wrongful termination claim pursuant to Title VII of the Civil Rights Act (CRA) of 1964, the Americans with Disabilities Act (ADA),[1] and the Family Medical Leave Act (FMLA). [Dkt. 48 at 1.] Defendants then served Plaintiff with interrogatories and requests for production, but Defendants were not satisfied with Plaintiff's responses and objections to Interrogatories 12 and 13 and Request for Production (RFP) 13. [*See*

---
[1] On August 26, 2014, Plaintiff stipulated to the dismissal of her ADA claim, with prejudice. [Dkt. 68.]

1

*id.* at 1-3.] After conferring first with Plaintiff's counsel and then the Court in an effort to resolve their differences, pursuant to Local Rule 37-1, Defendants filed a motion to compel [Dkt. 47], which motion is now before the Court.

## II. Discussion

Rule 37 permits a motion to compel a required disclosure upon "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a). A required disclosure, as broadly defined by Rule 26, includes any information that a party may use to support its claims. Fed. R. Civ. P. 26 (a)(1)(A). "For good cause, the court may order discovery of any matter relevant" to the issues of the case. Fed. R. Civ. P. 26 (b)(1). "Thus, the scope of discovery should be broad in order to aid in the search for truth." *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006). When a party raises objections to discovery requests, the objecting party bears the burden of proving that a discovery request is improper. See, e.g., *Janssen v. Howse*, 09-CV-3340, 2011 WL 2533809 (C.D. Ill. June 27, 2011); *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009). Ultimately, this Court has "broad discretion in discovery matters, [including a] motion to compel discovery." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001).

### A. Interrogatory 12

Plaintiff first objects to Defendants' Interrogatory 12 on the basis that the requested information "was disclosed in Plaintiff's FMLA application."[2] [Dkt. 48 at 2.] When a discovery

---

[2] Plaintiff's response to Interrogatory 12 reads, in its entirety: "Plaintiff objects to this Interrogatory **as this information was disclosed in Plaintiff's FMLA application** and <u>Defendants did not challenge the son's disability at the time of approving Plaintiff's FMLA Application</u>." [Dkt. 48 at 2 (emphasis added).] The Court finds Plaintiff's objection to be ambiguous, as the bold portion and underlined portion could be read to be independent objections or to be one objection altogether. In an abundance of caution, the Court treats the two clauses as separate objections and will address them as such.

2

request is "unreasonably cumulative," it is the Court's duty to limit the extent of discovery. Fed. R. Civ. P. 26(b)(2)(C). However, discovery is only so cumulative when the requested information or documents have already been produced during discovery. *See, e.g.*, *Whitlow v. Martin*, 259 F.R.D. 349, 355 (C.D. Ill. 2009); *CSX Transp., Inc. v. Vela*, 2:06-CV-112-RLY-WGH, 2007 WL 3334966 (S.D. Ind. Nov. 8, 2007). Here, Plaintiff appears to object on the basis that the information was disclosed to Defendants in her FMLA application in November of 2012, not during discovery conducted since she filed her claim a year later. Thus, to the extent that Plaintiff objects to Defendants' request on the basis that Interrogatory 12 is unreasonably cumulative, that objection is **OVERRULED**.

Additionally, Plaintiff objects to Defendants' Interrogatory 12 because "Defendants did not challenge [Plaintiff's] son's disability at the time of approving Plaintiff's FMLA Application." [Dkt. 48 at 2.] In their motion to compel, Defendants assert that the Seventh Circuit, in *Darst v. Interstate Brands Corporation*, held that "just because the FMLA allows the employer to get a second opinion, there is no indication under the Act that if the employer does not, that the employer is subsequently precluded from challenging whether the employee suffered from a serious health condition." [*Id.* at 3 (citing 512 F.3d 903, 911 (7th Cir. 2008)).] In response, Plaintiff claims that the Seventh Circuit, in *Holder v. Illinois Department of Correction*, "affirmed the lower court's holding that the employer could not re-litigate whether the employee was eligible for FMLA in the first place." [Dkt. 52 at 8 (citing 751 F.3d 486, 491 (7th Cir. 2014)).] The parties' assertions of Seventh Circuit law are diametrically opposed—only one view can be right.

In January of 2008, the Seventh Circuit considered the issue of whether "the defendants should be estopped from challenging the sufficiency of his medical Certification because they

3

did not do so at the time he submitted it." *Darst*, 512 F.3d at 907.  Specifically, the plaintiff in *Darst* argued that "because the defendants failed to require him to provide a second opinion, they may not now contest the validity or accuracy of his Certification [of illness]." *Id.* at 911.  On this issue, the Seventh Circuit notes that, because the FMLA provides that an employer who doubts the validity of a Certification of illness "may" require the employee to obtain a second medical opinion, the provision is "permissive, not mandatory." *Id.*  However, the Seventh Circuit did not rule on the particular issue "because the FMLA provides no remedy for the possible violation unless the action interfered with, restrained or denied [the plaintiff's] exercise of his rights under the FMLA." *Id.*  Thus, although dicta seems to indicate that Defendants' failure to require a second opinion for Plaintiff's FMLA Application would not preclude issue on appeal due to the permissive nature of the language of the provision, *Darst* is not conclusive on the issue.

Six months later, the Seventh Circuit discussed another plaintiff's "state-law claim for promissory estoppel based on his reliance on [the defendant's] representations regarding his entitlement to medical leave." *Peters*, 533 F.3d at 599.  However, in *Peters* the defendant had repeatedly promised, in its letter to the plaintiff, twelve weeks of medical leave, arguably pursuant to either the employee handbook or the FMLA. *Id.*  Accordingly, the Seventh Circuit noted that "using equitable estoppel to block an employer from asserting a statutory defense to FMLA liability is not the same as using promissory estoppel to enforce a promise by an employer to allow 12 weeks of medical leave," and the panel did not rule on the former because the leave provisions of the defendant's employee handbook may have been enforceable under Indiana law. *Id.* at 600-01.  Again, the Seventh Circuit's decision in *Peters* does not decide the issue here.

Finally, in May of 2014, the Seventh Circuit ruled on a matter where the defendant made an attempt "to turn both the trial and now the appeal into one which examined [the plaintiff's] eligibility for [FMLA] leave in the first place." *Holder v. Illinois Dep't of Corr.*, 751 F.3d 486, 493 (7th Cir. 2014). Unfortunately for the defendant in that matter, the district court had already found that the plaintiff was entitled to FMLA leave on summary judgment, and the Seventh Circuit did not find any of the defendant's attempts to side-step the district court's ruling convincing. *Id.* at 493-95. Thus, the panel gave "special deference" to the findings of the district court and did not revisit the issue of whether the plaintiff was eligible for any kind of FMLA leave. *Id*. Because the district court found on summary judgment that the plaintiff had been entitled to FMLA leave and because issue was not revisited on appeal, the Seventh Circuit's opinion in *Holder* is no more helpful than that in *Peters*.

Thus, while both parties here vehemently argue that Seventh Circuit law supports their positions, neither position is clearly supported by any of the three Seventh Circuit cases cited by the parties. However, it is significant that, although dicta, the Seventh Circuit in *Darst* cites to opinions from both the Fourth Circuit and the Eighth Circuit, which each support the assertion that "because the term 'may' is permissive, the plain language of the FMLA does not suggest that an employer must pursue these procedures or be forever foreclosed from challenging whether an employee suffered from a serious health condition." 512 F.3d at 911. The Court will follow the Seventh Circuit's breadcrumbs, and finds that Defendants are not precluded from requesting discovery that may be relevant to a challenge of Plaintiff's son's illness simply because Defendant did not request a second medical opinion before granting Plaintiff intermittent leave. Accordingly, Plaintiff's related objection to Interrogatory 12 is **OVERRULED**.

Plaintiff did not raise any other objections to Interrogatory 12. Therefore any other objections are waived and, as articulated above, all asserted objections to Interrogatory 12 are hereby **OVERRULED**.

### B. Interrogatory 13

In response to Interrogatory 13, which inquires about any and all restrictions in activity from which Plaintiff's son suffers on account of his illness and the relevant dates, Plaintiff objects to the interrogatory as irrelevant, answering only that her son's asthma restricts his breathing, which "is considered a major life activity." [Dkt. 48 at 2.] In their motion to compel, Defendants specify that the "[f]undamental question to be decided in this case is whether or not Ms. Earl's son was ill when she missed work . . . ." [*Id.* at 4.] With this question in mind, it appears to the Court that specific instances of her son's restricted activity are not relevant to the fundamental issue of the case and would not lead to the discovery of admissible evidence. While such interrogatories are commonly relevant to ADA claims, *see, e.g.*, *Furnish v. SVI Sys., Inc.*, 270 F.3d 445 (7th Cir. 2001), Plaintiff has since stipulated to the dismissal of her ADA claim, with prejudice [Dkt. 68]. Thus, the Court finds that a response to Interrogatory 13 would not be relevant to a claim or defense relating to Plaintiff's remaining claims and thus is no longer relevant under Rule 26, and Plaintiff's objection is **SUSTAINED**.

### C. Request for Production 12

Plaintiff first objects to Request for Production (RFP) 12 on the basis that "it calls for information and/or records that are already in possession of CFA." [Dkt. 48 at 3.] This allegation is quite similar to one that was addressed in *Lakewood Engineering and Manufacturing Company v. Lasko Products, Inc.*, asserting that the requesting party "probably has these documents in its possession already." 01 C 7867, 2003 WL 1220254 at *12 (N.D. Ill.

Mar. 14, 2003). However, in *Lakewood* the court observed that the assertion "has not been proven and the documents have not yet been identified as having already been produced" and ordered that the documents in question be produced. *Id*. Similarly, in this instance Plaintiff has made no argument and provided no evidence to support her assertion that Defendants are already in possession of "[a]ny and all documents concerning the treatment, therapy, consultations, examinations and hospitalizations of Plaintiff's son," and the Court has no reason to believe that such documents have already been produced in the course of this litigation. [Dkt. 48 at 2.] Thus, Plaintiff's objection that Defendants are already in possession of the documents requested in RFP 12 is **OVERRULED**.

Additionally, Plaintiff objects to RFP 12 because "[i]t also recalls for [sic] the records to which CFA previously referred in acknowledging Plaintiff's [sic] had a serious medical condition and in approving Plaintiff's application for intermittent FMLA." [Dkt. 48 at 3.] This objection is substantially similar to Plaintiff's objection to Interrogatory 12, which the Court previously addressed in Subsection II.A of this order. For the same reasons, Plaintiff's objection is, again, **OVERRULED**.

Finally, although she did not raise the issue as a formal objection in her responses to Defendants' discovery requests, Plaintiff argues, in response to Defendants' motion to compel, that Defendants' request for Plaintiff's son's medical records is overbroad. [Dkt. 52 at 1.] In reply, Defendants agreed "to reduce the scope of the request to medical records of her son from the date she applied for FMLA leave through the termination of her employment." [Dkt. 53 at 1.] The Court finds this to be a fair limitation that addresses Plaintiff's concern, and thus Defendants' RFP 12 shall be read as follows: "any and all documents concerning the treatment, therapy, consultations, examinations and hospitalizations of Plaintiff's son **from the date**

7

**Plaintiff applied for FMLA leave through the termination of her employment**." [*See* Dkt. 48 at 2; 53 at 1.]

Plaintiff did not raise any other objections to Request for Production 12. Therefore any other objections are waived and, as articulated above, all asserted objections to Request for Production 12 are hereby **OVERRULED**.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Compel. [Dkt. 47.] In light of the upcoming settlement conference in the matter, Plaintiff is **ORDERED** to provide Defendants with the appropriate Authorization to Release Medical Records forms, by hand delivery, no later than **Monday, September 29, 2014**. Additionally, Plaintiff is **ORDERED** to make full and complete discovery responses, by hand delivery or electronic delivery with telephonic confirmation of receipt, in compliance with the Court's ruling no later than **Friday, October 3, 2014**.

Date: 09/26/2014

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Sara R. Blevins
LEWIS & KAPPES
sblevins@lewis-kappes.com

David W. Gray
LEWIS & KAPPES PC
dgray@lewis-kappes.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com

Tae K. Sture
STURE LEGAL SERVICES LLC
tae@sturelaw.com

Nicole Seale Adler
THE KULLMAN FIRM
nsa@kullmanlaw.com

Stephen L. Scott
THE KULLMAN FIRM
sls@kullmanlaw.com